[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on August 24, 1985. There is one minor child issue of this marriage to wit: Daniel Vinhais born September 6, 1986.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues before the court in this matter is that of the custody of the minor child. The plaintiff wife seeks sole custody or in the alternative, joint custody with her home being the primary residence of the child. The defendant husband seeks an order of joint custody but with his home being the primary residence of the child. CT Page 2770
Since February of 1990 the parties have had joint custody of the child with primary residence being with the defendant husband. The plaintiff wife has had visitation as follows:
 (a) Every Wednesday evening from 6:00 p. m. to 8:00 p. m.
 (b) Alternating weekends from Friday at 6:00 p. m. to Sunday at 6:00 p. m. and on the other weekends from Friday at 6:00 p. m. to Sunday at 9:00 a.m.
(c) Every Christmas day
(d) Alternating holidays
 (e) Two weeks during the year but not limited to consecutive weeks.
This visitation schedule was arrived at by agreement of the parties, reported to the Family Relation's Counselor and is contained in a report of the Counselor filed with this court or March 15, 1990.
Subsequently a Family Relation's Counselor conducted a study of this matter and recommended, in essence, that the parties share joint custody but that the plaintiff wife have "physical custody.'
However, in his testimony before this court the Counselor who conducted the study stated that it was a hard decision to make and that it wouldn't bother him if things stayed as they are.
The attorney representing the minor child urges the court not to disturb the current custody arrangement.
After a careful review of all of the evidence presented to the court and with due consideration for the best interests of the child, the court is of the opinion that the current custodial arrangement and visitation schedule should remain as it has been since February of 1990 and it is so ordered.
In addition, the court has taken into consideration all of the criteria contained in 46b-81, 46b-82, 46b-84 and 46b-62 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the plaintiff wife in and to the real property known as 20 Pascip Street, Milford, Connecticut, which is currently in foreclosure, is hereby assigned to the defendant husband subject to all liens and encumbrances as of record appear which liens and encumbrances CT Page 2771 shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom.
2. All of the contents of the above premises shall be the sole and exclusive property of the defendant husband except of] the following which shall be the sole and exclusive property of the plaintiff wife: (a) microwave oven (b) VCR (c) video recorder (cam-corder) (d) Christopher's dresser stand (e) stand-up mirror (f) pictures (q) wall unit (h) couch (i) chairs (j) bedroom set (k) personal items (1) insert and diamond (if the same is in the possession of the defendant husband) (m) wall hanging (pictures and baskets)
The above mentioned items are herein described as they appear on a list of personal property requested by the plaintiff wife (Plaintiff's Exhibit D) and consented to by the defendant husband and the court assumes that the parties understand their meaning.
3. Neither party shall pay alimony to the other.
4. The defendant husband requested that there be no order of child support and under the circumstances as herein ordered the court will not enter any order of child support at this time.
5. The court awards to Sean Butterly the sum of $2,000.00 for his services rendered as the attorney for the minor child. Said sum shall be paid equally by the plaintiff wife and the defendant husband and shall be paid in full within 60 days from the date hereof.
6. The balance due to Master Card on the now closed joint account of the parties shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom.
7. Any debt that may be due to GMAC arising out of the financing of the now destroyed 1987 Chevrolet Cavalier shall be borne equally by the defendant husband and the plaintiff wife and each shall indemnify and hold the other harmless from their share of said debt. CT Page 2772
8. Except as expressly provided herein, all liabilities shown on the financial affidavits of the parties filed with this court on March 1, 1991 shall be the sole obligation of the party upon whose affidavit such liability appears and they shall indemnify and hold the other harmless therefrom.
9. Except as expressly provided herein, all property, both real and personal, shown on said affidavits shall remain the sole and exclusive property of the party upon whose affidavit such property appears.
10. Each party shall be responsible for his or her own fees and expenses incurred in this matter.
FREDERICK A. FREEDMAN, JUDGE